Shauck, J.
The conclusion of the circuit court that Mrs. Nichols is not entitled to an allowance in lieu of a homestead is, in view of the facts stated, justified by the terms of the statute and by Elliott v. Plattor, 43 Ohio St., 207. The right to a homestead to a decedent’s family is defined in Section 5437, Revised Statutes. There being no child, the right is to a “widow * * * composing a part of the decedent’s family at the time of his death.” An important part of this descriptive language would be disregarded if we should apply it in a case where, as here, the widow does not compose a part of the decedent’s family at the time of his death. Not only does the language import that a widow may not have composed a part of the decedent’s family, but the general *166 rights which this statute confers are in homesteads and for those who use them as homes. Section 5440, Revised Statutes, does not enlarge the class of persons who are entitled to a homestead. It merely provides for its equivalent to those entitled under other provisions of the statute when they are precluded by a lien from taking the homestead in form.
Is the widow in the present case dowable of the entire proceeds of sale, or only of the surplus thereof that may remain after the payment of the mortgage? The mortgage being for purchase money, and executed before the marriage, the question is definitely settled in Culver v. Harper, 27 Ohio St., 464, where it was held that “The widow of a purchase money mortgagor, mortgage given before marriage, and property sold by executors to pay the mortgage debt is not dowable of the whole proceeds, but only of the surplus remaining after satisfying the mortgage.” The syllabus was prudently limited to the requirements of the case-where, as here, the purchase money mortgage was executed before the marriage. That the principle upon which dower is allowed would not necessarily restrict it to this precise case appears in Fox v. Pratt, 27 Ohio St., 512, where the right of dower was restricted to the surplus after the payment of a purchase money mortgage, though that mortgage was executed after the marriage. As early as Welch v. Buckins, 9 Ohio St., 331, it was held that where land is conveyed to one who executes a mortgage for the purchase price his seizin is technical only and there does not vest in him an estate to which dower attaches.
*167 The only doubt as to the conclusive effect of these decisions upon the present controversy, is raised by the suggestion that Culver v. Harper has been substantially, though not formally, overruled by Kling v. Ballentine, 40 Ohio St., 391, and Mandel v. McClave, 46 Ohio St., 407. This view must, follow a consideration of what was said rather than of what was decided in the later cases. In Kling v. Ballentine, the husband was seized of the lands unincumbered and after becoming so seized he executed a mortgage to secure his own debt, the wife joining in the mortgage. As against others than the mortgagee she was held to be dowable of the entire proceeds; and this was correct because the entire proceeds represented the extent and value of the estate of which he was seized at one time during her coverture. The question presented in Mandel v. McClave et al. was in no respect different except that the wife’s claim was for contingent dower. Apparent differences in these cases will disappear if it is borne in mind that the 'husband’s mortgage for purchase money is effective without the wife’s signature because it is upon the same consideration as the mortgagee’s equitable lien for unpaid purchase money, and that under Section 8606, General Code, the extent of the estate of which the husband was seized as an estate of inheritance at any time during the marriage indicates the extent to which the wife is dowable. When, as here, and in some of the cases cited, he had at no time during the marriage more than an equity of redemption, she is dowable only of the surplus, but when, as in others of the cases he was seized of the entire estate, she is dowable *168 of the entire proceeds of sale as against all persons except those as to whom she has waived her right. Does not the elementary proposition that a vendor’s lien takes precedence of the right of dower logically require this conclusion? The precise subject is thus treated by Chancellor Kent in 4th Commentaries, page 39: “Nor is the seizin sufficient when the husband takes a conveyance in fee, and at the same time mortgages the land back to the grantor, or to a third person, to secure the purchase-money in whole or in part. Dower cannot be claimed as against rights under that mortgage. The husband is not deemed sufficiently or beneficially seized by such an instantaneous passage of the fee^ in and out of him, to entitle his wife to dower as against the mortgage, and this conclusion is agreeable to the manifest justice of the case. The widow in this case, on foreclosure of the mortgáge and sale of the mortgaged premises, will be entitled to her claim to the extent.of her dower in the surplus proceeds after satisfying the mortgage; and if the heir redeems, or she brings her writ of dower, she is let in for her dower, on contributing her proportion of the mortgage debt.” And here the doctrine of Welch v. Buckins seems to be approved. Our decisions upon this'subject were-intelligently and carefully analyzed and compared in the opinion of Warrington,. Circuit Judge, in Hays v. Hays, 16 O. F. D., 436, where it was decided that in a case of this character the wife is dowable in the surplus only.
The judgment of the circuit court denying an allowance in lieu of homestead is affirmed. Its *169 judgment awarding dower in excess of the surplus is reversed.

Judgment reversed in part.

Summers, C. J., Crew, Spear, Davis and Price JJ., concur.